UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL JACKSON,<br><br>              Plaintiff,<br><br>        v.<br><br>ERIC ARNOLD,<br><br>              Defendant. | Case No. 16-CV-00234-LHK<br><br>**ORDER DIRECTING RESPONDENT TO FILE A MOTION TO DISMISS**<br><br>Re: Dkt. No. 1 |

Petitioner Michael Jackson, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 13, 2016. For the reasons that follow, the Court issues an order directing Respondent Eric Arnold to file a motion to dismiss.

**I.   BACKGROUND**

In 1983, Petitioner was found guilty of two counts of first degree murder, two counts of attempted first degree murder, and four counts of kidnapping. Petitioner was sentenced to two consecutive life sentences without the possibility of parole. The California Court of Appeal upheld Petitioner's conviction on December 18, 1985. The California Supreme Court denied review of Petitioner's convictions on June 30, 1986, and the United States Supreme Court subsequently denied certiorari. Petitioner then filed a petition in federal court for a writ of habeas

corpus, which was denied on August 22, 1988.

On June 20, 2012, Petitioner filed a state habeas petition in the Alameda County Superior Court, raising a 14th Amendment claim that was not part of Petitioner's previous appeals and federal habeas petition. The Alameda County Superior Court denied Petitioner's state habeas petition on December 13, 2013. On April 16, 2014, Petitioner filed an identical state habeas petition with the California Court of Appeal, which was denied on April 17, 2014. On September 24, 2014, Petitioner filed an identical state habeas petition with the California Supreme Court, which was denied on January 14, 2015.

On January 13, 2016, Petitioner filed the instant petition for a writ of habeas corpus, which raises the same 14th Amendment issues as Plaintiff's 2012-2015 state habeas petitions.

**II. DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

District courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition. *Day v. McDonough*, 547 U.S. 198, 210 (2006). Once a petitioner is notified that his petition is subject to dismissal based on AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, the petitioner bears the burden of demonstrating that the limitation period was sufficiently tolled under statutory and/or equitable principles. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

Based on the record before the Court, Respondent is directed to file a motion to dismiss on procedural grounds, or notify the Court that it does not believe such a motion is warranted.

### III. CONCLUSION

Respondent is directed to file a motion to dismiss on procedural grounds **within sixty (60) days** of the filing date of this order, or notify the Court that it does not believe such a motion is warranted. If Respondent files a motion to dismiss, Petitioner shall file a response **within twenty-eight (28) days** of Respondent's motion. Respondent shall file a reply within **fourteen (14) days** thereafter.

The Clerk shall serve by mail a copy of this order and the petition upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner and Petitioner's counsel.

**IT IS SO ORDERED.**

Dated: March 30, 2016

_____
LUCY H. KOH
United States District Judge

3
Case No. 16-CV-00234-LHK
ORDER DIRECTING RESPONDENT TO FILE A MOTION TO DISMISS